TRACY L. WILKISON
Acting United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division
GAVIN L. GREENE (Cal. Bar No. 230807)
Assistant United States Attorney
     Federal Building, Suite 7211
     300 North Los Angeles Street
     Los Angeles, California 90012
     Telephone: (213) 894-4600
     Facsimile: (213) 894-0115
     E-mail: Gavin.Greene@usdoj.gov

Attorneys for the United States of America

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| United States of America, | Case No.   2:21-cv-07843 |
|---|---|
| Petitioner, | Petition to Enforce Internal Revenue Service Summons; Memorandum of Points and Authorities; and Declarations in Support thereof |
| v. | |
| Hawk Consultancy, LLC, | Exhibits redacted to exclude Personal Identifiers pursuant to Fed. R. Civ. Proc. 5.2 and Local Rule 5.2-1 |
| Respondent. | |

1

**PETITION**

The United States of America ("Petitioner") states:

1.    This proceeding to judicially enforce an Internal Revenue Service administrative summons is brought pursuant to the Internal Revenue Code, 26 U.S.C. §§ 7402(b) and 7604(a). The IRS has properly served Hawk Consultancy, LLC ("Respondent" or "Hawk Consultancy, LLC") with a summons, and Respondent has failed to produce the requested documents and to appear and give testimony.

2.    Respondent conducts business in the federal judicial district of the Central District of California.

3.    The Joint Council of Europe/OECD Convention on Mutual Administrative Assistance in Tax Matters (1988) provides for mutual assistance in tax administration between member states, including the United States and the United Kingdom.

4.    On July 31, 2018, September 19, 2018, and November 14, 2018, Her Majesty's Revenue & Customs of the United Kingdom submitted exchange-of-information requests to the Internal Revenue Service pursuant to the Convention regarding Paul Baxendale Walker ("Walker" or "the taxpayer") for the period from January 1, 2007 through December 31, 2018.

5.    Pursuant to the exchange-of-information requests, and in accordance with 26 U.S.C. § 7602, the IRS issued a summons to Respondent on May 24, 2021 to give testimony and provide books, papers, records, and other data sought in the EOI Requests. A copy of the summons is attached as Exhibit H1 to the Declaration of Christine Lam.

6.    In connection with this investigation, the summons was served in accordance with law on Respondent in the manner described in the Certificate of Service. A true and correct copy of the Certificate of Service is attached as Exhibit H2 to the attached Declaration of Christine Lam.

7.    Notice of third-party contact was provided as required by 26 U.S.C. § 7609. A true and correct copy of the notice is attached as Exhibit H3 to the Declaration of Christine Lam.

8.    Respondent has failed to provide testimony or produce the required books, records, papers, and other data in response to the summons, and such failure has continued to the date of this petition.

9.    The IRS is not in possession or control of the books, records, papers, and other data sought by the summons.

10.    All administrative steps required by the Internal Revenue Code in connection with the issuance and service of the summons have been taken.

11.    The testimony and the books, records, papers, and other data sought by the summons are necessary in order to properly pursue and complete the investigation.

12.    No recommendation for criminal prosecution of the taxpayer has been made by the IRS to the United States Department of Justice. In addition, no Department of Justice referral, as described in 26 U.S.C. § 7602(d), is in effect with respect to the taxpayer.

WHEREFORE, Petitioner requests the Court to enforce the IRS administrative summons as follows:

A.    Respondent be ordered to appear and show cause before this Court why Respondent should not be compelled to give testimony and to produce the books, records, papers, and other data as specified in the summons;

B.    That Respondent be ordered by this Court to appear before an authorized representative of the IRS at a time and place to be determined by the IRS and to give testimony and to produce the books, records, papers, and other data as specified in the summons; and

1    C.    That the Court grant the Petitioner its costs in this proceeding

2 and such other and further relief as may be just and proper.

3

4                                            Respectfully submitted,

5                                            TRACY L. WILKISON
                                             Acting United States Attorney
6                                            THOMAS D. COKER
                                             Assistant United States Attorney
7                                            Chief, Tax Division

8

9 Dated: October 1, 2021          /s/
                                             GAVIN GREENE
10                                           Assistant United States Attorney
                                             Attorneys for the United States of America

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

1

## Contents

A. IRS authority to issue a summons for testimony and documents.....**Error! Bookmark not defined.**

B. The United States has a tax treaty with the United Kingdom to provide mutual assistance in tax cases...**Error! Bookmark not defined.**

C. The IRS issued a summons in response to a request for assistance from Her Majesty's Revenue & Customs of the United Kingdom ............. 6

D. The Powell Factors have been satisfied and the summons should be enforced ................................................................................ 10

E. Conclusion ................................................................................ 11

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

## CASES

2  *Crystal v. United States*, 172 F.3d 1141 (9th Cir. 1999) .........................passim

3  *Donaldson v. United States*, 400 U.S. 517 (1971) ......................................... 2, 4

4  *Liberty Fin. Servs. v. United States*, 778 F.2d 1390 (9th Cir. 1985) ....... 2, 4, 5

5  *United States v. Arthur Young & Co.,* 465 U.S. 805 (1984) ............................ 3

6  *United States v. Church of Scientology*, 520 F.2d 818 (9th Cir. 1975)........ 2, 4

7  *United States v. Derr*, 968 F.2d 943 (9th Cir. 1992) ................................... 4, 5

8  *United States v. Dynavac, Inc.*, 6 F.3d 1407 (9th Cir. 1993) ......................... 3

9  *United States v. Gilleran*, 992 F.2d 232 (9th Cir. 1993) ............................ 2, 3

10  *United States v. Jose*, 131 F.3d 1325 (9th Cir. 1997).................................. 4, 5

11  *United States v. Powell*, 379 U.S. 48 (1964) ................................................... 2

12  *United States v. Samuels, Kramer & Co.,* 712 F.2d 1342 (9th Cir. 1983)....... 3

13  *United States v. Stuart*, 489 U.S. 353 (1989) ........................................ 2, 4, 10

14  *United States v. Stuckey*, 646 F.2d 1369 (9th Cir. 1981) ................................ 4

## STATUTES

16  26 U.S.C. § 7602(a) ........................................................................................ 1

## OTHER AUTHORITIES

18  Joint Council of Europe/OECD Convention on Mutual Administrative
19      Assistance in Tax Matters (1988) ............................................................ 5

20

21

22

23

24

25

26

27

28

ii

## Memorandum of Points and Authorities

**A. IRS authority to issue a summons for testimony and documents**

Pursuant to 26 U.S.C. § 7602(a) the Internal Revenue Service the power to summon books, papers, records, or other data and to take the testimony of any person for the purpose of ascertaining the correctness of a tax return, to determine a taxpayer's tax liability, and to collect a taxpayer's tax liability as follows:

For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized--

1. To examine any books, papers, records, or other data which may be relevant or material to such inquiry;

2. To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

3. To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

*See also Crystal v. United States*, 172 F.3d 1141, 1143-44 (9th Cir. 1999).

1

Internal Revenue Code 26 U.S.C. §§ 7402(b), 7604 grant authority to United States district courts to issue orders compelling, through their powers of contempt, compliance with the IRS summonses. *See also United States v. Gilleran*, 992 F.2d 232, 233 (9th Cir. 1993). An IRS summons is issued administratively, "but its enforcement is only by federal court authority in 'an adversary proceeding' affording the opportunity for challenge and 'complete protection to the witness.'" *United States v. Church of Scientology*, 520 F.2d 818, 821 (9th Cir. 1975) (quoting *Donaldson v. United States*, 400 U.S. 517, 525 (1971)).

Because the enforcement of an IRS summons invokes the process of the court, the court will not enforce a summons if it would constitute an abuse of process. *United States v. Powell*, 379 U.S. 48, 58 (1964). Such an abuse would occur if the summons was issued for an improper purpose, such as, for example, to harass the taxpayer. *Id.; United States v. Stuart*, 489 U.S. 353, 360 (1989). Accordingly, to obtain enforcement of an IRS summons, the government is required to make a *prima facie* case for enforcement of the summons. *Crystal*, 172 F.3d at 1143-44; *Gilleran*, 992 F.2d at 233.

In order to establish a *prima facie* case for enforcement of an IRS summons, the government need only make a "minimal" showing that (1) the investigation will be conducted pursuant to a legitimate purpose; (2) the inquiry may be relevant to the purpose; (3) the information sought is not already within the IRS's possession; and (4) that the administrative steps required by the Internal Revenue Code have been followed. *See also Crystal*, 172 F.3d at 1143-44 (citing *United States v. Powell*, 379 U.S. 48, 57-58 (1964)). The government's "burden is minimal 'because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted.'" *Id.* at 1144 (quoting *Liberty Fin. Servs. v. United States*, 778 F.2d 1390, 1392 (9th Cir. 1985)). Once the Government has made

2

its *prima facie* case, the summoned party bears the "heavy" burden to "disprove the actual existence of a valid civil tax determination or collection purpose by the Service[.]" *Id.*

Normally, the government makes the "good faith" showing of materiality and relevancy required by *Powell* in the petition to enforce the summons and the accompanying declaration of the issuing IRS agent. *See id.* (quoting *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414 (9th Cir. 1993)).

As to the required showing of relevance, the Supreme Court stated in *United States v. Arthur Young & Co.,* 465 U.S. 805, 814 (1984):

> As the language of § 7602 clearly indicates an IRS summons is not to be judged by the relevance standards used in deciding whether to admit evidence in federal court. *Cf.* Fed. Rule Evid. 401. The language "may be" reflects Congress' express intention to allow the IRS to obtain items of even potential relevance to an ongoing investigation without reference to its admissibility. The purpose of Congress is obvious: the Service can hardly be expected to know whether such data will in fact be relevant until it is procured and scrutinized. As a tool of discovery, the 26 U.S.C. § 7602 summons is critical to the investigation and enforcement functions of the IRS, see *United States v. Powell*, 379 U.S. 48, 57 (1964); the Service therefore should not be required to establish that the documents it seeks are actually relevant in any technical, evidentiary sense.

"Once the Government has established its *prima facie* case, the district court issues an order requiring the party on whom the summons has been served to show cause, at an enforcement hearing, why compliance with the summons should not be required." *United States v. Samuels, Kramer & Co.,* 712 F.2d 1342, 1345 (9th Cir. 1983). The burden of proof is shifted to the person challenging the summons to "refute the Government's *Powell* showing of good faith to oppose successfully the enforcement of an IRS summons." *Id.* at 1346; *see also Crystal*, 172 F.3d at 1144. "The taxpayer may challenge and attempt to rebut the *prima facie* case of good faith the government has established or attempt to show that enforcement of the summons would otherwise constitute an abuse of process." *Gilleran*, 992 F.2d at 233; see also *Crystal*, 172 F.2d at 1144. "The taxpayer, however, carries a heavy burden of

convincing the district court to deny enforcement." *United States v. Stuckey*, 646 F.2d 1369, 1372 (9th Cir. 1981); accord *Crystal*, 172 F.3d at 1144.

"'[S]ummons enforcement proceedings should be summary in nature and discovery should be limited.'" *United States v. Derr*, 968 F.2d 943, 945 (9th Cir. 1992) (quoting United States v. Stuart, 489 U.S. 353, 369 (1989), quoting S. Rep. No. 97 494, 97th Cong. 2d Sess., vol. 1, 285 (1982)); see also, *Church of Scientology*, 520 F.2d at 821.[1] "'The taxpayer must allege specific facts and evidence to support his allegations' of bad faith or improper purpose." *Crystal*, 172 F.3d at 1144 (quoting *United States v. Jose*, 131 F.3d 1325, 1328 (9th Cir. 1997)) and *Liberty Financial Services*, 778 F.2d at 1392. A party opposing the summons must be able to come forward with at least "a minimal amount of evidence just to entitle him or her to an evidentiary hearing." *Stuckey*, 646 F.2d at 1372. In this Circuit, the Court may allow limited discovery "only if the taxpayer can make a substantial preliminary showing of abuse or wrongdoing." *Stuckey*, 626 F.2d at 1374.

In *Donaldson*, 400 U.S. at 528-29, the Supreme Court noted that Fed. R. Civ. Proc. 81(a)(3) allows the Court to limit the application of the federal rules in summons enforcement proceedings. In keeping with the summary nature of these proceedings, the show cause order is an appropriate tool to

---

[1] The Fifth Circuit has discussed the procedure to be followed in summons enforcement proceedings:

> To ascertain whether there is any basis for questioning the summons, the traditional show cause order is an effective and appropriate procedural tool. Indeed, it harmonizes procedure with the substantive principle that puts the burden on the summoned party "of showing an abuse of the court's process." [*Powell*, 379 U.S. 58]. In no way does its use extinguish the adversary proceeding which the decisions call for. Rather it is a principle means by which the enforcing Court can determine whether there is anything to "hear" and if so to give proper scope and direction to an orderly, but expeditious, adjudication of the points in controversy.

*United States v. Newman*, 441 F.2d 165, 169 (5th Cir. 1971).

4

place the burden of proof on the summoned party after the government's *prima facie* case has been made.

If no substantial challenge to the validity of the summons is made in a sworn affidavit or declaration alleging specific facts, the matter should be decided on the pleadings before the district court with no further proceedings, the summons should be enforced, and the IRS should be allowed to obtain the summoned testimony, books, papers, records, and other data. See, e.g., *Liberty Fin. Servs.*, 778 F.2d at 1392-93 (IRS affidavit was not controverted).

"Enforcement of a summons is generally a summary proceeding to which a taxpayer has few defenses." *Derr*, 968 F.2d at 945; *accord Crystal*, 172 F.3d at 1144. "[T]he sole purpose of the enforcement proceeding is to ensure that the IRS has issued the summons for proper purpose and in good faith, and ... the district court is strictly limited to enforcing or denying IRS summonses." *Jose*, 131 F.3d at 1328-29.

**B. The United States has a tax treaty with the United Kingdom to provide mutual assistance in tax cases.**

The Joint Council of Europe/OECD Convention on Mutual Administrative Assistance in Tax Matters (1988) ("Convention") provides for mutual assistance in tax administration between member states.[2] Both the United States and the United Kingdom are member states of the Convention.[3]

---

[2] The text of the original Convention is available at https://www.oecd.org/ctp/exchange-of-tax-information/Convention_On_Mutual_Administrative_Assistance_in_Tax_Matters_Report_and_Explanation.pdf (accessed 9/1/2021).

[3] https://www.oecd.org/tax/exchange-of-tax-information/Status_of_convention.pdf

Article 4 – General provision, provides that the parties shall exchange any information that is foreseeably relevant to (a) the assessment and collection of tax, and the recovery and enforcement of tax claims, and (b) the prosecution before an administrative authority or the initiation of prosecution before a judicial body.

Article 5 – Exchange of information on request, provides that at the request of the applicant state (UK), the requested state (US) shall provide the applicant state with any information referred to in Article 4 which concerns particular persons or transactions. If the information available in the tax files of the requested state (US) is not sufficient to enable it to comply with the request for information, that state (US) shall take all relevant measures to provide the applicant state with the information requested.

**C. The IRS issued a summons in response to a request for assistance from Her Majesty's Revenue & Customs of the United Kingdom**

By a letter dated July 31, 2018, Her Majesty's Revenue and Customs ("HMRC") of the United Kingdom (the "U.K. Competent Authority"), submitted an exchange-of-information request ("EOI Request") to the United States pursuant to Article 5 of the Convention. Declaration of Deborah Palacheck ("Palacheck") ¶ 4. The U.K. Competent Authority supplemented its EOI Request on September 19 and November 14, 2018. *Id.*

HMRC is investigating Mr. Paul Baxendale Walker's ("Walker") United Kingdom personal income tax liabilities for the taxable periods from January 1, 2007 to December 31, 2018. *Id.* ¶ 5. The EOI Request explains that Walker, through his business (Brunswick Wealth, LLP, formerly Baxendale Walker, LLP ("BWLLP")), designed and sold tax avoidance schemes to U.K. residents. *Id.* HMRC believes the tax liability of these residents is in excess of £1 billion. *Id.* It further believes Walker used these same schemes to avoid paying tax on the significant fees he earned from their sales. *Id.*

Walker has been uncooperative with HMRC's inquiries and has attempted to frustrate its investigation. *Id*. ¶ 6. On July 22, 2013, he sold BWLLP, including the business's historic clients, office papers, and electronic records, to Hawk Consultancy, LLC, a United States limited liability corporation. *Id*. HMRC learned that Saeedeh Mirshahi ("Mirshahi") is the sole director and shareholder of Hawk Consultancy, LLC. Despite BWLLP's profits, HMRC is not aware of any consideration paid by Mirshahi to Walker for these business assets. *Id*. On the contrary, HMRC has evidence that entities linked to Walker made significant payments to Mirshahi between April 2007 and April 2013. *Id*. HMRC seeks assistance in gathering records related to the sale of BWLLP to Hawk Consultancy, LLC and Walker's payments to Mirshahi. *Id*.

In addition to Walker's sale of his business assets to Hawk Consultancy, LLC and payments to Mirshahi, HMRC seeks information related to Walker's dealings with Mirshahi and Hawk Consultancy, LLC, including:

a.  Baxendale Walker Renumeration Trust: After Walker and BWLLP contributed £51 million to this trust, he delegated management power to Hawk Consultancy, LLC to manage the trust assets. Mirshahi subsequently revised the trust accounts, reducing contributions and turnover, potentially in attempt to frustrate HMRC's investigation.

b.  Minerva Services Ltd.: Walker identified Minerva Services Ltd. as holding the intellectual property and ownership of his tax avoidance schemes. HMRC has evidence that Mirshahi is the entity's beneficial owner.

   c.  Real property purchases: On March 9, 2018, Walker purchased 8 Mitre Close Swadlington, Derbyshire on behalf of Hawk Recovery Ltd., a U.K. resident company owned by Mirshahi, with funds contributed by her.

   d.  Hawk Recovery LLC: Hawk Recovery, LLC and Hawk Consultancy, LLC were awarded judgments of $34,090,826 and $100,000,000, respectfully, in Walker's bankruptcy proceedings as his alleged creditors. *Id*. ¶ 7.

HMRC requests documents and information in Mirshahi and Hawk Consultancy, LLC's possession relating to HMRC's areas of inquiry. *Id*. ¶ 8. The EOI Request seeks items in Mirshahi's possession such as: documentation underlying her submission of revised trust accounts, bank details and account statements, and information verifying her connection to the other Hawk entities, Hawk Recovery, LLC and Hawk Recovery Ltd. *Id*. HMRC also seeks items in Hawk Consultancy, LLC's possession, such as: BWLLP's historic clients, office papers, records, and accounts, formal Baxendale Walker Renumeration Trust documents, and documentation of service fees and loans made in relation to the trust. *Id*.

The EOI Request states that it is in conformity with the laws and administrative practices of the United Kingdom. *Id*. ¶ 9. The EOI Request states that HMRC has exhausted all means available in the United Kingdom to obtain the information requested. *Id*. ¶ 10. Following the receipt of the EOI Request, the IRS assigned it to the Joint International Taskforce on Shared Intelligence and Collaboration ("JITSIC"). *Id*. ¶ 11. Senior Revenue Agent and JITSIC Specialist Christine Lam issued the summons requesting the information and documents described in the EOI Request. *Id*. ¶ 11.

The purpose of the summons in this case is to gather information and documents on behalf of HMRC's investigation of Walker and provide the collected information to HMRC pursuant to the Convention. *Id*. ¶ 12. The United States Competent Authority has reviewed the EOI Request and confirmed with the U.K. Competent Authority its need for the requested information. *Id*. ¶ 13. Based upon available information, including information furnished by HMRC, the United States Competent Authority has determined that there is a reasonable basis to believe that the information requested in the summonses is relevant to HMRC's determination of Walker's proper United Kingdom income tax liability. *Id*. ¶ 14. The United States Competent Authority has determined that HMRC's EOI Request is a proper request within the Convention, and that it is appropriate for the United States to honor the EOI Request and thereby lend assistance and support HMRC, as contemplated by the Convention, by exercising its tax-related information-gathering authority and issuing the summonses at issue in this proceeding. *Id*. ¶¶ 15-16.

IRS Revenue Officer Christine Lam issued a summons to Hawk Consultancy, LLC, which was served on May 24, 2021. Declaration of Christine Lam ("Lam") ¶ 7. Revenue Officer Lam was contacted by attorney Edward Robbins, who signed and provided her with Form 2848 to serve as power of attorney and a waiver form allowing her to serve the summons by email. Lam ¶ 8. On May 24, 2021, Revenue Officer Lam served an attested duplicate original copy of the IRS summons on Hawk Consultancy, LLC via encrypted email to Mr. Robbins. ¶ 9. Revenue Officer Lam gave notice of the summons to Paul Baxendale Walker, Brunswick Wealth, LLP, Minerva Services Ltd., Buckingham Wealth Ltd., and Baxendale Walker LLP Remuneration Trust by registered mail on May 24, 2021, as well as by encrypted mail, in accordance with 26 U.S.C. § 7609(a). Lam ¶ 10.

At the time that the summons was issued and served, the summoned information was not in the possession of the IRS. *Id*. ¶ 11. All administrative steps required by the Internal Revenue Code for the issuance of the summonses have been taken. *Id*. ¶ 12. There is no "Justice Department referral," as that term is described in Section 7602(d)(2) of the Internal Revenue Code, in effect regarding Walker. *Id*. ¶ 13. For the reasons set forth below, the Court should order Hawk Consultancy, LLC to show cause why the summons should not be enforced.

**D. The Powell Factors have been satisfied and the summons should be enforced**

As explained above, the Supreme Court in *United States v. Powell* set forth four factors to establish a prima facie case that an IRS summons is valid: (1) the summons was issued for a legitimate purpose; (2) the summoned data may be relevant to that purpose; (3) the data is not already in the IRS's possession; and (4) the IRS has followed the administrative steps for issuing and serving the summons. The Supreme Court in *United States v. Stuart*, determined that the *Powell* factors are applicable even if the IRS issued the summons pursuant to a treaty with a foreign country, and they are satisfied here. 489 U.S. 353, 356 (1989); *Lidas,* 238 F.3d 1076, 1082 (9th Cir. 2001) ("The same test applies where the IRS issues a summons at the request of a tax treaty partner.").

First, the summons was issued for a legitimate purpose. The U.S. Competent Authority determined that the Treaty Request is proper under the Convention, and, accordingly, the United States has an obligation under the treaty to provide the requested assistance to the HMRC.

Second, the information sought is relevant to the examination. As HMRC set forth in its request, Walker has been responsible for designing and selling a range of tax avoidance schemes to U.K. residents. He sold his

10

business BWLLP, to Hawk Consultancy, LLC. The sale included all of BWLLP's clients, office papers, and electronic records. The information requested in the summons may assist HMRC in determining Walker's tax liabilities, and his ability to pay any accrued or assessed tax liabilities.

Third, the information sought by the summons is not already in the possession of the IRS or the HMRC tax authorities.

Fourth, the required administrative steps have been followed because the summons was properly issued, it was served on Respondent, and notice was mailed to Walker.

**E. Conclusion**

Based on the foregoing, the United States has established its prima facie case for enforcement. The Court should now issue an order directing Respondent to show cause why the IRS summons should not be enforced.

If Respondent fails to respond to or rebut the government's *prima facie* case for enforcement, then the Court should later issue an order enforcing the IRS summons and compelling Respondent to appear before an authorized representative of the IRS at a time and place to be determined by the IRS, and give testimony and produce the books, records, papers, and other data for examination and copying as required by the Internal Revenue Service summons.

Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division

Dated: October 1, 2021          /s/
GAVIN GREENE
Assistant United States Attorney
Attorneys for the United States of America

11